UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and
as the representative of a class of
similarly-situated persons

        Plaintiff,

v.                                                                                  Case No: 2:17-cv-183-FtM-99CM

ALL CARE CONSULTANTS, INC.
and JOHN DOES 1-5,

        Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Entry of Clerk's Default against Defendant All Care Consultants, Inc. (Doc. 10) filed on May 12, 2017. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff seeks entry of Clerk's default against Defendant All Care Consultants, Inc. ("All Care"). Doc. 10. On April 19, 2017, Plaintiff filed a Return of Service. Doc. 9.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state where the district court is located or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1), 4(e)(1). Here, the Return of Service states that on April 7, 2017, a process server from Legal Ease Process Service delivered a true copy of the Summons in a Civil Action, the Class Action Complaint, and Exhibit "A," to Jasmine Joa, as the receptionist, at 3333 West Commercial Blvd., #101, Fort Lauderdale, FL 33309. Doc. 9. Jasmine Joa represented to the process server that she is authorized to accept service for All Care. *Id.* Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *Udoinyion v. The Guardian Sec.,* F. App'x. 731, 735 (11th Cir. 2011) (holding that unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Rules 4(h)(1)(B).

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons

and the complaint. All Care has failed to do so within the time period; therefore, entry of Clerk's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Clerk's Default against Defendant All Care Consultants, Inc. (Doc. 10) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's default against Defendant All Care Consultants, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record