UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and
as the representative of a class of
similarly-situated persons

        Plaintiff,

v.                                  Case No: 2:17-cv-183-FtM-99CM

ALL CARE CONSULTANTS, INC.,
JOHN DOES 1-5 and LISA
GOLDBERG,

        Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Entry of Clerk's Default against Defendant Lisa Goldberg (Doc. 16) filed on June 27, 2017. Plaintiff seeks a Clerk's entry of default as to Defendant Lisa Goldberg ("Goldberg"). Doc. 16. On June 21, 2017, Plaintiff filed a Return of Service. Doc. 15.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). Here, the Return of Service states that on May 30, 2017, a process server for Legal Ease Process Service personally served Goldberg by delivering a true copy of the Summons in a Civil Action, the First Amended Class Action Complaint and Exhibit "A", to Goldberg at 3333 West Commercial Blvd., #101, Fort Lauderdale, FL 33309. Doc. 15. Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Rule 4(e)(2) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons

and complaint. Goldberg has failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Clerk's Default against Defendant Lisa Goldberg (Doc. 16) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's default against Defendant Lisa Goldberg.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of June, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record